UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-14329-CIV-MOORE

R & Q REINSURANCE CO.,

    Plaintiff,

v.

RAPID SETTLEMENTS, LTD., and
GWENDOLYN SANDS BROWN a/k/a
GWENDOLYN SANDS,

    Defendants.
_____/

## ORDER DENYING DEFENDANT RAPID SETTLEMENTS, LTD.'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Rapid Settlements, LTD.'S Motion to Dismiss (DE # 6).

UPON CONSIDERATION of the Motion, and being otherwise fully advised in the premises, the Court enters the following order:

### I.   Background

Plaintiff is obligated to make certain periodic payments to Defendant Gwendolyn Sands Brown a/k/a Gwendolyn Sands ("Brown") in connection with the resolution of a personal injury claim, according to the terms of a written structured settlement agreement signed in 1986 (the "Settlement Agreement"). Pl. Resp. at 2. The Settlement Agreement includes a clause prohibiting Brown from assigning her right to the payments to a third party. Id. In January, 2006, Brown entered into an agreement (the "Transfer Agreement") to transfer her interest in some of the periodic payments to Defendant Rapid Settlements, Ltd. ("Rapid"). Id. The agreement between Brown and Rapid contains an arbitration provision. Id. at 3. Brown sought to cancel the Transfer Agreement, and Rapid filed a demand for arbitration in Texas pursuant to the Transfer Agreement. Id. at 4. The arbitration resulted in an award which stated that Rapid would be made the

beneficiary for certain of the periodic payments. Id. at 4. Plaintiff was not a party to that arbitration. Id.

After receiving notice of the arbitration award, Plaintiff filed this Complaint for Declaratory Judgment (DE # 1), seeking an injunction preventing Rapid from "bringing or pursuing any action in Texas to seek to effect a transfer to structured settlement payment rights . . . or to otherwise compel R& Q to make payments to Rapid . . . other than by obtaining court approval in [Florida]" in addition to other relief. Compl. at 5.

## II. Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. Discussion

Rapid argues that Plaintiff's common law claims should be dismissed because (A) this Court lacks jurisdiction, as jurisdiction is based on diversity and the amount in controversy does not exceed $75,000; (B) Plaintiff's claims are untimely, under the Federal Arbitration Act ("FAA"); and (C) this Court should use its discretion to dismiss the case, as any arguments regarding the

validity of the arbitration should be addressed to the Texas state court which is hearing the arbitration confirmation proceeding. Def. Mot. at 2, 10.

### A) Diversity Jurisdiction Exists

Plaintiff claims this Court has jurisdiction through diversity of citizenship under 28 U.S.C. § 1332, which provides District Courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are citizens of different states. Defendant claims this Court lacks jurisdiction because the amount in controversy is "$48,000, the assignment price reflected in the Transfer Agreement" between Rapid and Brown. Def. Mot. at 2. Plaintiff argues that the correct amount in controversy is the "total value of the periodic payments sought by Rapid," totaling $408,580. Pl. Resp. at 7. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Here, Plaintiff seeks declaratory judgment that it does not have to make periodic payments to Rapid in the amount of $408,580. This Court therefore finds the amount in controversy exceeds the required $75,000 and the requirements for diversity jurisdiction have been satisfied.

### B) Federal Arbitration Act Deadlines do not Make this Action Untimely

Rapid claims that the FAA applies to the instant controversy. The FAA, 9 U.S.C. § 1-16, was enacted to "overcome judicial resistance to arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006). The Transfer Agreement between Rapid and Brown had an arbitration clause, which was invoked by Rapid against Brown. Def. Mot. at 4. Rapid claims that under the FAA, Plaintiff had ninety days from the date of the arbitration award to challenge the award, that Plaintiff missed that deadline, and therefore, this action is untimely. Def. Mot. at 5 citing 9 U.S.C. § 12.

The FAA only enforces arbitration clauses between parties which have agreed to them. Air Line Pilots Assoc. v. Miller, 523 U.S. 866 (1998); Volt Information Sciences v. Board of Trustees, 489 U.S. 468, 478 (1989). Plaintiff claims that the FAA and its deadlines do not apply to this declaratory judgment action, or to Plaintiff's claims, because Plaintiff was not a party to either the

Transfer Agreement or the subsequent arbitration. Pl. Resp. at 6-7. Although the Complaint alleges that the Transfer Agreement is invalid as a result of Defendants' failure to gain Plaintiff's consent, the relief requested by the Complaint is a declaratory judgment as to whether Rapid's arbitration award is enforceable against the Plaintiff and an injunction. Compl. at 1, 4. Plaintiff does not directly attack the quality of the arbitration proceedings. Accordingly, the FAA does not apply to this action, and the ninety day deadline is irrelevant. This action is, therefore, timely.

### C) Plaintiff's Claim May be Brought before this Court

Alternatively, Rapid suggests that this Court should use its discretion to dismiss the case *sua sponte*, claiming that Plaintiff's arguments against the arbitration award ought to be brought before the arbitrator or in the Texas state court proceeding to confirm the arbitration award. Def. Mot. at 10. Rapid points to unpublished cases in which courts held a non-party could challenge an arbitration award. Def. Reply at 2. In Westra Construction, Inc. v. United State Fidelity & Guaranty Co., United State Fidelity & Guaranty Company ("USFG") was allowed to move to modify an arbitration award to which it was not a party. 2006 U.S. Dist. LEXIS 27887 (M.D. Penn. 2006). In that case, USFG, a guarantor, sought to "vacate or modify the arbitration award, averring that the arbitration was egregiously flawed and manifestly unjust." Id. at * 4. USFG was allowed to file its motion challenging the arbitration in part because it had been an active participant in the arbitration proceeding thus far, including funding a party's defense and relying on that party to appeal. Id. at *5-6. In Bruscianelli v. Triemstra, a court held that the defendants, parties to the arbitration, lacked standing to complain about the arbitration award, as the injury they raised properly belonged to a third party. 2000 U.S. Dist. LEXIS 11155, * 10-11 (N.D. Ill. 2000). The Bruscianelli court held that the third party, which was not a party to the arbitration but was affected by the arbitration award, could have raised its own claims in an objection to the arbitration award. Id. at *11-13. Rapid does not cite any law or cases prohibiting a party affected by an arbitration award from seeking enforcement of its rights in court when it was not a party to the original arbitration. This Court declines to use its discretion to dismiss the case *sua sponte*.

## IV. Conclusion

For the reasons described above, it is

ORDERED AND ADJUDGED that the Defendant Rapid Settlements, LTD.'S Motion to Dismiss (DE # 6) is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record