UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-14329-CIV-MOORE

R & Q REINSURANCE CO.,

    Plaintiff,

v.

RAPID SETTLEMENTS, LTD., and
GWENDOLYN SANDS BROWN a/k/a
GWENDOLYN SANDS,

    Defendants.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (DE # 14) and Defendant Rapid Settlements, LTD.'s Motion for Summary Judgment (DE # 67). A response and reply were filed to the former. A response was filed on July 18, 2007, and the time for filing a reply has expired. The cross-motions raise largely the same issues.

UPON CONSIDERATION of the motions, and being otherwise fully advised in the premises, the Court enters the following order:

**I.**    **Background**

Plaintiff is obligated to make certain periodic payments to Defendant Gwendolyn Sands Brown a/k/a Gwendolyn Sands ("Brown") in connection with the resolution of a personal injury claim, according to the terms of a written structured settlement agreement signed in 1986 (the "Settlement Agreement"). Pl. Resp. at 2. The Settlement Agreement includes a clause prohibiting Brown from assigning her right to the payments to a third party. Id. In January, 2006, Brown entered into an agreement (the "Transfer Agreement") to transfer her interest in some of the periodic payments to Defendant Rapid Settlements, Ltd. ("Rapid"). Id. The agreement between Brown and Rapid contains an arbitration provision. Id. at 3. Brown sought to cancel the Transfer

Agreement, and Rapid filed a demand for arbitration in Texas pursuant to the Transfer Agreement. Id. at 4. The arbitration resulted in an award which stated that Rapid would be made the beneficiary for certain of the periodic payments. Id. at 4. Plaintiff was not a party to that arbitration. Id.

After receiving notice of the arbitration award, Plaintiff filed this Complaint for Declaratory Judgment (DE # 1), seeking an injunction preventing Rapid from "bringing or pursuing any action in Texas to seek to effect a transfer to structured settlement payment rights . . . or to otherwise compel R& Q to make payments to Rapid . . . other than by obtaining court approval in [Florida]" in addition to other relief. Compl. at 7. Now, both Plaintiff and Defendant Rapid seek summary judgment.

The underlying facts are not in dispute. This Court has previously held that the Federal Arbitration Act (the FAA), 9 U.S.C. § 1 *et seq.*, does not apply to this action, as the FAA only enforces arbitration clauses between parties which have agreed to them, and it is undisputed that Plaintiff did not consent to arbitration. Order Denying Defendant Rapid Settlement, LTD's Motion to Dismiss (DE # 51), citing Air Line Pilots Assoc. v. Miller, 523 U.S. 866 (1998); Volt Information Sciences v. Board of Trustees, 489 U.S. 468, 478 (1989).

## II.   Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might

affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Anderson, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. Id. at 254-55. Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. Id.

### III.   Discussion

Plaintiff claims that the Transfer Agreement violates the non-assignment clause in the Settlement Agreement, and is therefore invalid. Pl. Mot. at 11. Plaintiff also asserts that the

arbitration award is invalid and unenforceable, as it validates a transfer for which court approval was never granted, as required by the Florida Protection Act. Id. at 13, citing Fla. Stat. § 626.99296(2)(r). Finally, Plaintiff argues that the arbitration award cannot be enforced against it, because it did not consent to the arbitration, and would have been an indispensable party to that proceeding. Pl. Mot. at 18-21.

Rapid claims that the non-assignment clause of the Settlement Agreement does not, by itself, prohibit the assignment in the Transfer Agreement. Def. Resp. at 5-9. Rapid also argues that enforcing the Transfer Agreement or the arbitration award is permissible, pursuant to the Federal Arbitration Act, and that Rapid is not "collaterally estopped from enforcing a transfer agreement that has not been approved by a court." Id. at 6-13. Finally, Rapid claims the arbitration award is enforceable and binding on Plaintiff. Id. at 13-17.

This Court will first consider Plaintiff's argument that the arbitration award is invalid and unenforceable, as it validates a transfer for which court approval was never granted, as required by the Florida Protection Act (the "Protection Act"). Id. at 13, citing Fla. Stat. § 626.99296. The Protection Act, created to "protect recipients of structured settlements who are involved in the process of transferring structured settlement payment rights," states that a "direct or indirect transfer of structured settlement payment rights is not effective and a structured settlement obligor or annuity issuer is not required to make a payment directly or indirectly to a transferee of structured settlement payment rights unless the transfer is authorized in advance in a final order by a court of competent jurisdiction which is based on [certain] written express findings." Fla. Stat. § 626.99296(1), (3)(a).

Rapid argues that the Protection act does not cover arbitration awards. Def. Resp. at 14. However, Rapid may not use the arbitration process to circumvent the statutory requirements for transferring structured settlement payment rights. See, e.g., Symetra Life Insurance Co. v. Rapid Settlements, LTD., 2007 U.S. Dist. Lexis 1985 (S.D. Tex. 2007); In re Rapid Settlements, LTD., 2007 Tex. App. Lexis 2399 (Tex. App. 2007). This Court holds that enforcing the arbitration award would violate the applicable Florida Protection Act, and therefore the award is

4

unenforceable against Plaintiff. As this Court finds the award unenforceable, this Court will not reach the rest of the parties claims and arguments.

## IV. Conclusion

For the reasons described above, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment (DE # 14) is GRANTED. Defendant Rapid Settlements, LTD.'s Motion for Summary Judgment (DE # 67) is DENIED. All motions not otherwise ruled on are DENIED as moot. The Clerk is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of August, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record